

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

FILED

November 9, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:17 A.M.

| | | |
|---|---|---|
| Nesreen Boutros | ) | Docket No.   2016-06-0418 |
| | ) | |
| v. | ) | State File No.  32833-2015 |
| | ) | |
| Amazon, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

_____

**Affirmed and Remanded-Filed November 9, 2016**

_____

In this interlocutory appeal, the employer appeals the trial court's order requiring it to provide a panel of physiatrists to the employee.  After two visits to an urgent care facility that the employee selected from a panel of providers made available by the employer, the employee was referred to an orthopedic physician.  After one visit with the orthopedic physician, the physician recommended referral to a physiatrist.  The employer arranged an appointment with a physician specializing in pain management, but did not provide a panel of physiatrists.  Following the employee's fourth visit with the pain management specialist, the employee was discharged by the specialist.  The employer denied further benefits, asserting the employee's injuries were not work-related.  Following an expedited hearing, the trial court found the employee would likely prevail at trial in establishing a work-related injury, and further found that the employer had failed to provide a panel of physiatrists after the authorized physician made a referral to a physiatrist.  Despite the employer having provided some pain management treatment, the trial court determined the employer must provide a panel of physiatrists.  The employer has appealed.  We affirm the trial court's decision and remand the case for further proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

W. Troy Hart, Knoxville, Tennessee, for the employer-appellant, Amazon

Nesreen Boutros, Antioch, Tennessee, employee-appellee, pro se

## Factual and Procedural Background

Nesreen Boutros ("Employee") alleged that she suffered injuries to her neck, shoulder, and arm arising primarily out of and occurring in the course and scope of her employment with Amazon ("Employer") on April 23, 2015. She described placing a heavy box on a conveyor belt and feeling a "pop," which she testified resulted in burning pain in her neck and right arm. She presented to Employer's on-site medical clinic and ultimately was provided a panel of medical providers from which she selected an urgent care facility where she was seen twice before being referred to an orthopedic physician. After being seen by Dr. Kyle Joyner, an orthopedic surgeon, the doctor opined that Employee's problems were muscular in nature rather than orthopedic, and he recommended referral to a physiatrist, stating in his report that Employee "does not need to follow up with me."[1]

Employer arranged for Employee to begin treating with Dr. Jeffrey Hazlewood, a pain management specialist, whom she saw four times between her first visit on May 7, 2015 and her last visit on September 14, 2015. Dr. Hazlewood's records reflect ongoing complaints of right shoulder and arm pain, which he consistently noted were out of proportion to any objective findings. An MRI of Employee's cervical spine revealed a disc protrusion at C6-7, but Dr. Hazlewood observed that this finding did not match up with Employee's complaints either objectively or subjectively. After failing to appear for two appointments and appearing late for a third, Dr. Hazlewood discharged Employee from his care, observing that her failure to keep her appointments suggested that her symptoms were not as severe as she reported. He released her at maximum medical improvement as a result of what he deemed to be noncompliance. He stated that she was released from his care and that he would see her again only if Employer requested it and agreed to pay for the visit in the event she missed the appointment.

Employee requested additional medical treatment, but Employer declined to authorize any further care, arguing that, based on its receipt of Employee's prior medical records, she was suffering from a pre-existing condition. Employee denied she was suffering from a pre-existing condition, asserting that discussions of right shoulder, neck, and arm pain in earlier records were related to a diagnosis of deep vein thrombosis and that her current pain was different in character and quality from the pain she experienced following the deep vein thrombosis. After an expedited hearing, the trial court determined that, because Employer had failed to provide a panel of physiatrists upon Dr. Joyner's referral, Employee was entitled to such a panel. Employer has appealed.

---

[1] Employee also saw Dr. Robert Weiss, a neurosurgeon, on a single occasion on July 14, 2015. Dr. Weiss observed that her cervical MRI did not reveal a need for surgery and released her at maximum medical improvement from a neurosurgical perspective, recommending that she be seen by an orthopedic hand surgeon to rule out a radial sensory nerve issue.

2

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)  Violate constitutional or statutory provisions;

(B)  Exceed the statutory authority of the workers' compensation judge;

(C)  Do not comply with lawful procedure;

(D)  Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or

(E)  Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

## Analysis

Employer raises three issues on appeal: (1) whether Employee established that she suffered a work-related injury; (2) whether Employee established that she is entitled to additional medical benefits; and (3) whether the trial court should have conducted an initial hearing rather than an expedited hearing.

### *Work-Related Injury*

An injured worker has the burden of proof on every essential element of his or her claim. Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). At an expedited hearing, an employee is able to meet this burden if he or she comes forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits, as set out in Tennessee Code Annotated section 50-6-239(d)(1) (2015). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6. In reviewing a trial court's decision that the evidence presented at an expedited hearing is sufficient to find an employee is likely to prevail at trial, we must

3

determine if the preponderance of the evidence submitted supports the trial court's conclusion. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2015).

In its expedited hearing order, the trial court observed that Employee was "open and forthcoming in her testimony," accrediting her description of the work incident that occurred on April 23, 2015. Further, the trial court observed that Employee acknowledged having previously suffered from deep vein thrombosis in her right arm, but the judge determined that Employee had sufficiently described a qualitative difference between the pain associated with the thrombosis and the pain associated with her work injury. The trial court also considered Employee's proof of excellent performance reviews, her ability to work without restrictions before the injury, and her inability to perform her work duties after her injury in rendering its determination that she had presented sufficient evidence to establish she would likely succeed at a hearing on the merits of her claim. We conclude from our review of the record that the preponderance of the evidence supports the trial court's determination.

*Employee's Entitlement to Additional Medical Benefits*

Employer's second argument on appeal asserts that Dr. Hazlewood met "the requirements to be an authorized treating physician," in that he is a physiatrist and Employee was referred to him. Employer argues that Dr. Hazlewood "released [Employee] from care based on non-compliance and based on the lack of an objective work related injury." Thus, Employer concludes that Employee "is not entitled to additional medical care from a physiatrist." We disagree.

Neither Dr. Hazlewood nor Dr. Joyner, the orthopedic surgeon who recommended referral to a physiatrist, was selected from a panel of physicians. Employer asserts that it honored a direct referral from Dr. Joyner, whom the trial court determined to be an authorized treating physician and, thus, was not required to provide a panel of specialists in accordance with Tennessee Code Annotated section 50-6-204(a)(3)(A)(ii) (2015). In support of its argument, Employer submitted with its position statement on appeal an email from Dr. Joyner's office stating that Dr. Joyner "has recommended Dr. Jeffrey Hazlewood . . . or Dr. William Newton." However, this document was not an exhibit in the trial court or otherwise considered by the trial court, and we decline to consider it. "Evaluating a trial court's decision on appeal necessarily entails taking into account information the trial court had before it at the time the issues were decided by the court, as opposed to the potentially open-ended universe of information parties may seek to present on appeal following an adverse decision." *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015). Accordingly, "we will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge." *Id.*

Tennessee Code Annotated section 50-6-204(a)(1)(A) (2015) provides "[t]he employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment, . . . made reasonably necessary by accident as defined in this chapter." Section 50-6-204(a) further provides that an Employer is required to "designate a group of three (3) or more independent reputable physicians, . . . from which the injured employee shall select one (1) to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i) (2015). When the authorized physician makes a referral to a specific physician for specialized care, an employer "shall be deemed to have accepted the referral, unless the employer, within three (3) business days, provides the employee a panel of three (3) or more independent reputable physicians . . . ." Tenn. Code Ann. § 50-6-204(a)(3)(A)(ii) (2015).

Here, the trial court observed that Employer was permitted an opportunity to submit as evidence any physician panels that were presented to Employee, and that no panel was submitted suggesting Employee selected Dr. Hazlewood as an authorized physician. Moreover, Dr. Joyner's medical records do not reflect a referral to Dr. Hazlewood specifically; rather, the record simply refers Employee for treatment with a physiatrist. The record on appeal does not support Employer's assertion that Dr. Hazlewood was, in fact, a direct referral from Dr. Joyner. The only document supporting this assertion was not admitted into evidence at the expedited hearing. Moreover, Dr. Hazlewood discharged Employee from his care, stating that he would only see her in follow-up if Employer authorized another visit. Having affirmed the trial court's conclusion that Employee is likely to succeed on the merits of her claim, she is entitled to reasonable and necessary medical care. Thus, the evidence does not preponderate against the trial court's conclusion that Employer is obligated to provide a panel of physiatrists from which Employee may choose an authorized physician.

*Employer's Entitlement to an Initial Hearing*

Employer's final issue on appeal concerns whether it should have been allowed to proceed to an initial hearing instead of an expedited hearing. While it is unclear upon what authority Employer relies in making this assertion, we find the argument is moot. In its expedited hearing order, the trial court scheduled an initial hearing for November 8, 2016.

**Conclusion**

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision at this interlocutory stage of the case. Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed. The case is remanded for any further proceedings that may be necessary.





### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Nesreen Boutros | ) | Docket No. 2016-06-0418 |
| | ) | |
| v. | ) | State File No. 32833-2015 |
| | ) | |
| Amazon, et al. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 9th day of November, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Nesreen Boutros** | | | | | X | Nesreen.boutros@yahoo.com |
| **W. Troy Hart** | | | | | X | wth@mijs.com tbsherrill@mijs.com |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Jeanette.Baird@tn.gov